1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE NEGRETE, | 1:11-CV-01851 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION |
| v. | ORDER DIRECTING CLERK TO ENTER JUDGMENT AND CLOSE CASE |
| RONALD COULLARD CLARK, | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |
| Respondent. | |
| _____/ | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

On November 7, 2011, Petitioner filed the instant petition for writ of habeas corpus.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases requires a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Further, the Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee

1   Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

2   Nevertheless, a petition for habeas corpus should not be dismissed without leave to amend unless it

3   appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,

4   440 F.2d 13, 14 (9th Cir. 1971).

5   B.  Failure to State a Cognizable Federal Claim

6        The basic scope of habeas corpus is prescribed by statute.   28 U.S.C. § 2254(a) states:

7        The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
          entertain an application for a writ of habeas corpus in behalf of a person in
8         custody pursuant to a judgment of a State court *only on the ground that he is in
          custody in violation of the Constitution or laws or treaties of the United States.*
9
10  (emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States

11  District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a

12  person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484

13  (1973).

14       For the most part, the instant petition is nonsensical.  Petitioner makes many fanciful claims

15  involving foreign countries, local news personalities, conspiracies, and thefts of radioactive

16  materials.  Petitioner makes no challenge to his conviction and he fails to state any cognizable

17  federal claims.  The instant petition must be dismissed.  Since it clearly appears that no tenable claim

18  for relief could be pleaded if leave to amend were granted, the dismissal will be without leave to

19  amend.

20  C.  Certificate of Appealability

21       A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

22  district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-

23  El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue

24  a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

25       (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
          district judge, the final order shall be subject to review, on appeal, by the court
26        of appeals for the circuit in which the proceeding is held.

27       (b) There shall be no right of appeal from a final order in a proceeding to test the
          validity of a warrant to remove to another district or place for commitment or trial
28        a person charged with a criminal offense against the United States, or to test the
          validity of such person's detention pending removal proceedings.

1   (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an
2   appeal may not be taken to the court of appeals from–

3   (A) the final order in a habeas corpus proceeding in which the
    detention complained of arises out of process issued by a State
4   court; or

5   (B) the final order in a proceeding under section 2255.

6   (2) A certificate of appealability may issue under paragraph (1) only if the
    applicant has made a substantial showing of the denial of a constitutional right.
7
    (3) The certificate of appealability under paragraph (1) shall indicate which
8   specific issue or issues satisfy the showing required by paragraph (2).

9        If a court denies a petitioner's petition, the court may only issue a certificate of appealability

10  "if jurists of reason could disagree with the district court's resolution of his constitutional claims or

11  that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

12  further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the

13  petitioner is not required to prove the merits of his case, he must demonstrate "something more than

14  the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at

15  338.

16       In the present case, the Court finds that reasonable jurists would not find the Court's

17  determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

18  deserving of encouragement to proceed further.  Petitioner has not made the required substantial

19  showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a

20  certificate of appealability.

21                                              **ORDER**

22       Accordingly, IT IS HEREBY ORDERED:

23       1) The petition for writ of habeas corpus is DISMISSED;

24       2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

25       3) The Court DECLINES to issue a certificate of appealability.

26

27        IT IS SO ORDERED.

28       **Dated:   January 3, 2012            /s/ Gary S. Austin**

1

UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28